**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Paul A. FISCHER, Defendant and Appellant.**

**Cr. No. 890362.**

Supreme Court of North Dakota.

Aug. 9, 1990.

Richard James Riha (argued), Asst. State's Atty., Bismarck, for plaintiff and appellee.

Michael Ray Hoffman (argued), Bismarck, for defendant and appellant.

ERICKSTAD, Chief Justice.

Paul Fischer appealed from a judgment of conviction, entered upon a jury verdict, finding him guilty of delivering a controlled substance, methamphetamine, in violation of Chapter 19–03.1, N.D.C.C., a class B felony, and also guilty of distributing an imitation controlled substance in violation of Chapter 19–03.2, N.D.C.C., a class C felony. We affirm.

During the trial the State introduced a copy of a report, certified by the Director of the State Department of Health and Consolidated Laboratories, determining that the substance purchased from Fischer on the class B felony charge was methamphetamine.[1] The substance was tested by chemist, Aaron E. Rash, but the report was

---

1. Prior to the scheduled trial date the State moved for a continuance of the case, asserting that chemist Rash was scheduled for surgery and might not be able to appear at the trial to testify regarding the report. Fischer's defense attorney did not object to the motion but was not present at the hearing on the motion. The trial court, concluding that the State could introduce the report under Section 19–03.1–37(4), N.D.C.C., as evidence of the nature of the substance taken from Fischer, without having Rash testify, denied the State's motion for a continuance.

introduced through the testimony of Burleigh County Deputy Sheriff, Jerry Wutzke, to whom the State Laboratory mailed the report. The report was admitted over objection by the defendant that it constituted inadmissible hearsay and that its admission violated Fischer's federal constitutional confrontation rights.

The trial court admitted the report pursuant to subsections 4 and 5 of Section 19–03.1–37, N.D.C.C.:

> "4. In all prosecutions under this chapter involving the analysis of a substance or sample thereof, a certified copy of the analytical report signed by the state toxicologist, or the toxicologist's designee, or the director of the consolidated laboratories branch of the department of health and consolidated laboratories, or the director's designee, must be accepted as prima facie evidence of the results of the analytical findings.
>
> "5. Notwithstanding any statute or rule to the contrary, the defendant may subpoena the state toxicologist or the director of the consolidated laboratories branch of the department of health and consolidated laboratories or any employee of either to testify at the preliminary hearing and trial of the issue at no cost to the defendant."

On appeal Fischer asserts that the trial court erred in allowing the report to be admitted because the report constitutes inadmissible hearsay.

■ The State Laboratory report prepared by Rash is hearsay as defined by Rule 801(c), N.D.R.Ev., because it contains statements made by a non-testifying declarant which were offered as proof of the truth of the matter asserted, more particularly, that the substance taken from Fischer was methamphetamine. Under Rule 802, N.D.R.Ev., hearsay is inadmissible except as provided by rules of this court "or by statute." The Legislature clearly has power to make evidence admissible. Rule 26, N.D.R.Crim.P.; *State v. Vetsch,* 368 N.W.2d 547 (N.D.1985). Subsection 4 of Section 19–03.1–37, N.D.C.C., makes a certified copy of a State Laboratory analytical

report, for purposes of prosecutions under Chapter 19–03.1, N.D.C.C., the Uniform Controlled Substances Act, prima facie evidence of the results of the report's findings, and constitutes an express statutory exception to the hearsay rule. We conclude, therefore, that the trial court did not err in overruling Fischer's hearsay objection to admitting the report into evidence.

Fischer also asserts that admission of the report without the testimony of Rash, the chemist who conducted the tests and prepared the report, violated his federal constitutional confrontation rights.

■ The Sixth Amendment Confrontation Clause, made applicable to the States through the Fourteenth Amendment, provides "in all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." The Confrontation Clause reflects a preference for face-to-face confrontation at criminal trials. *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). An accused's right to confrontation is fundamentally a trial right which consists of the right to cross-examination. *State v. Manke,* 328 N.W.2d 799 (N.D.1982). In addition to ensuring the accused the opportunity to cross-examine his accusers, the purpose of the Confrontation Clause is to ensure that a witness will give his statements in court under oath, thereby impressing upon him the seriousness of telling the truth as against penalty for perjury, and to permit the jury an opportunity to observe the demeanor of the witness in making his statement, thus aiding the factfinder in assessing credibility. *California v. Greene,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). However, the accused's right to confront and cross-examine is not absolute and, in appropriate cases, may "bow to accommodate other legitimate interests in the criminal trial process." *Chambers v. Mississippi,* 410 U.S. 284, 295, 93 S.Ct. 1038, 1046, 35 L.Ed.2d 297, 309 (1973); *see also Maryland v. Craig,* — U.S. ——, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990).

Fischer relies upon *Roberts, supra,* to support his contention that his confronta-

tion rights have been violated. He asserts that under *Roberts* the admission of hearsay evidence violates confrontation rights unless the State first proves that the out-of-court declarant is unavailable and, secondly, proves that the hearsay evidence being offered carries indicia of trustworthiness. Fischer asserts that because the State failed to demonstrate that Rash was unavailable to testify on the date of the trial, the report prepared by Rash was inadmissible.

We believe that Fischer has construed *Roberts, supra,* too broadly. In that case the prosecution was attempting to introduce statements made by a witness during the preliminary hearing who was unavailable to testify at the defendant's trial. The court stated that "in the usual case" the prosecution must either produce the declarant whose statement it wishes to use against the defendant or demonstrate the unavailability of the declarant to testify at the trial. However, in *United States v. Inadi,* 475 U.S. 387, 393–394, 106 S.Ct. 1121, 1125, 89 L.Ed.2d 390, 397–398 (1986), the court limited the applicability of the requirement in *Roberts, supra,* that the state prove unavailability of a declarant prior to introducing his out-of-court statements:

"All of the cases cited in *Roberts* for this 'unavailability rule' concern prior testimony.

\* \* \* \* \* \*

"*Roberts* must be read consistently with the question it answered, the authority it cited, and its own facts. All of these indicate that *Roberts* simply reaffirmed a longstanding rule, foreshadowed in *Pointer v. Texas,* 380 U.S. 400, 89 S.Ct. 540, 21 L.Ed.2d 508 [85 S.Ct. 1065, 13 L.Ed.2d 923] (1965), established in *Barber* [*v. Page,* 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968) ], and refined in a line of cases up through *Roberts,* that applies unavailability analysis to prior testimony. *Roberts* cannot fairly be read to stand for the radical proposition that no out-of-court statement can be introduced by the government without a showing that the declarant is unavailable."

The Supreme Court held in *Inadi, supra,* that the out-of-court statements of a co-conspirator were admissible without the necessity of the prosecution first proving unavailability of the co-conspirator to testify at the trial. In so holding, the Supreme Court emphasized the opportunity of the defendant to subpoena the out-of-court declarant:

"If the Government has no desire to call a co-conspirator declarant as a witness, and if the defense has not chosen to subpoena such a declarant, either as a witness favorable to the defense, or as a hostile witness, or for cross-examination under Federal Rule of Evidence 806, then it is difficult to see what, if anything, is gained by a rule that requires the prosecution to make that declarant 'available.'

\* \* \* \* \* \*

"Any marginal protection to the defendant by forcing the government to call as witnesses those co-conspirator declarants who are available, willing to testify, hostile to the defense, and yet not already subpoenaed by the prosecution, when the defendant himself can call and cross-examine such declarants, cannot support an unavailability rule. We hold today that the Confrontation Clause does not embody such a rule." *United States v. Inadi, supra,* 106 S.Ct. at 1127–1128.

■ In this case Fischer had the express statutory right under subsection 5 of Section 19–03.1–37, N.D.C.C., to subpoena Rash to testify, without cost, but Fischer did not avail himself of that opportunity. Under similar statutory provisions and circumstances, other jurisdictions have concluded that the defendant's confrontation rights were adequately protected, *Howard v. United States,* 473 A.2d 835 (D.C.App. 1984); *State v. Smith,* 312 N.C. 361, 323 S.E.2d 316 (1984); *State v. King,* 187 Conn. 292, 445 A.2d 901 (1982), or that the accused waived his confrontation rights under these circumstances in failing to subpoena the declarant to testify at the trial. *State v. Hughes,* 713 S.W.2d 58 (Tenn. 1986); *State v. Rawls,* 198 Conn. 111, 502 A.2d 374 (1985).

Although *State v. Manke,* 328 N.W.2d 799 (N.D.1982), involved slightly different

circumstances from this case, our conclusions in *Manke* provide helpful guidance for resolving the Confrontation Clause issue raised by Fischer in this case. In *Manke* the defendant was accused of rape. Samples obtained from the victim during an examination, collectively referred to as a "rape kit," were sent to the State Laboratory Department for an analysis. Aaron Rash, the same chemist who performed the tests in this case, tested the items sent to the lab. Although Rash was present at the trial he was not allowed to testify, because the State had failed to timely endorse Rash's name as a witness. The defense attorney did not call Rash to testify at the trial, but he objected to admission of the laboratory report prepared by Rash which the trial court admitted over the objection. On appeal, we concluded that the laboratory report possessed adequate indicia of trustworthiness and reliability and was therefore admissible under Rule 803(8), N.D.R.Ev. With regard to Manke's Sixth Amendment right to confrontation, noting that Rash was present at the trial, we concluded:

> "Manke in actuality had the opportunity to cross-examine Rash. Simply because he chose not to cross-examine Rash does not change the obvious fact that his right to confront the witnesses against him was wholly safeguarded." *State v. Manke, supra,* 328 N.W.2d at 804.

Although in this case Rash was not present at the trial, Fischer could have subpoenaed Rash, but failed to do so. We conclude, as we did in *Manke, supra,* that simply because the defendant chose not to cross-examine Rash does not change the fact that he had the opportunity to subpoena and cross-examine him and that his confrontation rights were, thereby, safeguarded.[2]

In analyzing the Confrontation Clause the United States Supreme Court has ruled that out-of-court statements, as opposed to face-to-face testimony, are generally admissible only if they are trustworthy and bear adequate "indicia of reliability." *Idaho v. Wright,* —— U.S. ——, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990); *Roberts, supra.* Fischer has not argued that the lab report admitted as evidence in this case was not trustworthy or reliable. Notwithstanding that the issue is not before us, we agree with the court in *Howard v. United States,* 473 A.2d 835, 839 (D.C.App. 1984), that these types of reports are trustworthy:

> "In analyzing the reliability of the evidence in question, it is significant that the identity of a controlled substance, the fact sought to be established through admission of the DEA [Drug Enforcement Agency] reports, is determined by a well recognized chemical procedure. Thus, the reports contained objective facts rather than expressions of opinion. In addition, the chemists who conduct such analyses do so routinely and generally do not have an interest in the outcome of trials. In fact, as employees and scientists, they are under a duty to make accurate reports. It is difficult to perceive any motive or opportunity for the chemists to falsify. We therefore conclude that the DEA records are sufficiently trustworthy to satisfy the purpose of the Confrontation Clause."

Under the circumstances of this case, we conclude that the admission of the State Laboratory report pursuant to the narrowly-drawn statute did not violate Fischer's rights under the Sixth Amendment Confrontation Clause.

The judgment is affirmed.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.

---

2. We are unable to ascertain on the record whether Rash, if subpoenaed by Fischer, would have been able to attend the trial. In the judge's chambers prior to the trial the assistant state's attorney told the court, "He is home now convalescing, and that's all I know." By failing to subpoena Rash, Fischer waives his right to complain that Rash was unavailable. This case does not present the issue of, and we do not decide, the consequence of the State introducing, over objection, a state laboratory report where the defendant has attempted to subpoena a party under subsection 5 of Section 19–03.1–37, N.D. C.C., but that person fails to attend the trial to testify.