**Paul A. FISCHER, Appellant,**

v.

**Thomas POWERS, Warden, North Dakota State Penitentiary, Appellee.**

No. 91–2805.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1992.

Decided Feb. 26, 1992.

---

Benjamin C. Pulkrabek, Mandan, N.D., for appellant.

Bill Peterson, Bismarck, N.D., for appellee.

Before McMILLIAN, WOLLMAN and LOKEN, Circuit Judges.

Minnesota.

**610**

PER CURIAM.

Paul Fischer, a prisoner at the North Dakota State Penitentiary, appeals from the judgment of the United States District Court[1] for the District of North Dakota denying his 28 U.S.C. § 2254 application for a writ of habeas corpus. For reversal, Fischer argues that his Sixth Amendment right to confront witnesses was violated when, pursuant to a North Dakota statute, the trial court admitted into evidence a laboratory report indicating that a substance purchased from Fischer was methamphetamine. We affirm.

Fischer was charged with delivering a controlled substance and distributing an imitation controlled substance, in violation of N.D. Cent.Code Chapters 19–03.1 and 19–03.2, respectively. At trial, the State sought to introduce into evidence a certified copy of a laboratory report indicating that the substance purchased from Fischer was methamphetamine. The report was signed by Aaron Rash, as director of the science division of the North Dakota State Department of Health and Consolidated Laboratories (state lab), but was introduced through the testimony of deputy sheriff Jerry Wutzke, to whom the state lab had mailed the report. Fischer objected on the grounds that the report constituted hearsay and that its admission would violate his Sixth Amendment confrontation rights.[2] Overruling Fischer's objections, the trial court admitted the report on the basis of N.D. Cent.Code § 19–03.1–37 (certified copy of analytical report is prima facie evidence of stated findings; defendant may subpoena state lab employee at no cost).

A state lab forensic scientist testified at trial that he performed 75 to 200 chemical analyses per month. He explained the usual testing procedures employed at the state lab. He also explained, in great detail, that for methamphetamine the specific tests included color testing, ultraviolet spectrometry, thin-layer chromatography, gas chromatography, mass spectrometry, infrared spectrometry, and microcrystal testing.

The jury convicted Fischer of both charges. The North Dakota Supreme Court affirmed the convictions. *State v. Fischer*, 459 N.W.2d 818, 820–22 (N.D. 1990). Having exhausted his state-law remedies, Fischer filed the instant habeas action. The district court denied relief. On appeal, Fischer reasserts his hearsay and confrontation claims and advances numerous arguments which were not raised below.

Upon careful review, we agree with the district court that Fischer's confrontation rights were not violated. *Cf. Manocchio v. Moran*, 919 F.2d 770, 775 (1st Cir.1990) (admission of autopsy report need not be preceded by showing of examiner unavailability, because in-court testimony regarding report would not likely be based on independent recollection; reports were prepared under routine, standardized conditions; examiners exercise special responsibility; and compulsory process was available), *cert. denied*, —— U.S. ——, 111 S.Ct. 1695, 114 L.Ed.2d 89 (1991); *Reardon v. Manson*, 806 F.2d 39, 41 (2d Cir.1986) (given large number of analyses performed annually and defendant's right to subpoena chemist, results of chemical analysis properly admitted through testimony of witness who supervised but did not perform actual testing procedures), *cert. denied*, 481 U.S. 1020, 107 S.Ct. 1903, 95 L.Ed.2d 509 (1987).

We will not consider the arguments Fischer raises for the first time on appeal because it does not appear that "injustice might otherwise result." *Ryder v. Morris*, 752 F.2d 327, 332 (8th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2660, 86 L.Ed.2d 276 (1985).

Accordingly, the district court judgment denying habeas relief is affirmed pursuant to 8th Cir.R. 47(B).

---

1. The Honorable Patrick A. Conmy, Chief Judge, United States District Court for the District of North Dakota.

2. Fischer did not subpoena Rash to testify. It is unclear whether, if subpoenaed, Rash would have been unable to appear at trial because of health problems.