CHRIS DENNY RAQUEPAW, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 22816

December 4, 1992                                    843 P.2d 364

*James J. Jackson,* Public Defender and *James P. Logan,* Appellate Deputy Public Defender, Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Noel S. Waters,* District Attorney and *Mark Forsberg,* Deputy District Attorney, Carson City, for Respondent.

# OPINION

*Per Curiam:*

On March 16, 1991, appellant was arrested for driving under the influence of alcohol. According to the Intoxilyzer 5000 breath analysis performed on appellant, his blood alcohol level was 0.12%. Appellant was charged by criminal information with driving under the influence of alcohol and driving with a blood alcohol level of 0.10% or more. *See* NRS 484.379.

Pursuant to NRS 50.325,[1] the prosecution sent appellant and appellant's counsel notice that the prosecution intended to offer affidavits into evidence at the preliminary hearing and trial. The affidavits were from the persons who calibrated the Intoxilyzer 5000, and prepared the alcohol solution used in the Intoxilyzer 5000. The notices were sent at least ten days before the preliminary hearing by certified mail. Appellant's counsel admits receiv-

---

[1]NRS 50.325 provides:

1. If a person is charged with an offense punishable pursuant to chapter 453 or 484 of NRS or homicide resulting from driving a vehicle while under the influence of intoxicating liquor, a controlled substance or a chemical, poison or organic solvent, and it is necessary to prove:
   (a) The existence of any alcohol;
   (b) The quantity of a controlled substance; or
   (c) The existence or identity of a controlled substance, chemical, poison or organic solvent,
the prosecuting attorney may request that the affidavit of an expert or other person described in NRS 50.315 be admitted in evidence at the trial or preliminary hearing concerning the offense.

2. The request must be made at least 10 days before the date set for the trial or preliminary hearing and must be sent to the defendant's counsel and to the defendant, by registered or certified mail by the prosecuting attorney.

3. If the defendant or his counsel notifies the prosecuting attorney by registered or certified mail at least 96 hours before the date set for the trial or preliminary hearing that the presence of the expert or other person is demanded, the affidavit must not be admitted. A defendant who demands the presence of the expert or other person and is convicted of violating NRS 484.379 or a provision of chapter 484 of NRS for which a driver's license may be revoked shall pay the fees and expenses of that witness at the trial or preliminary hearing.

4. If at the trial or preliminary hearing the affidavit of an expert or other person has been admitted in evidence, and it appears to be in the interest of justice that the expert or other person be examined or cross-examined in person, the judge or justice of the peace may adjourn the trial or hearing for a period of not to exceed 3 judicial days to receive the testimony. Should 3 judicial days not be sufficient in a county whose population is less than 35,000 to provide the presence of the expert or other person to be examined or cross-examined, the judge, justice of the peace or hearing officer may extend the period of adjournment for a period not exceeding 10 days. The time within which a preliminary hearing or trial is required is extended by the time of the adjournment.

ing notice. However, it is unclear from the record whether appellant personally received notice. Neither appellant nor appellant's counsel demanded the presence of the experts at least 96 hours before appellant's trial. *See* NRS 50.325(3).

A jury trial followed. The state offered the affidavits into evidence to lay the foundation for the admission of appellant's breath machine results. Appellant's counsel objected to the use of the affidavits on the ground that their admission violated appellant's constitutional right of confrontation. The district court admitted the affidavits over appellant's objection. Appellant was convicted of one count of driving under the influence of alcohol, "and/or" driving with a blood alcohol level of 0.10 percent or more. The district court sentenced appellant to two years in Nevada State Prison.

Appellant contends that the admission of the affidavits violated the Confrontation Clause of the Sixth Amendment to the U.S. Constitution. The state responds that appellant waived his right of confrontation by not demanding the presence of the witnesses 96 hours prior to trial, as required by NRS 50.325.

The Sixth Amendment right of an accused to confront the witnesses against him is fundamental and made obligatory on the states by the Fourteenth Amendment. Pointer v. Texas, 380 U.S. 400, 403 (1965). The admission of the affidavits at appellant's trial implicated his right of confrontation. If affidavits are admitted in lieu of live testimony, appellant is unable to cross-examine or confront the witnesses against him face-to-face.

The *test for the* validity of a waiver of a fundamental constitutional right is whether the defendant made "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464 (1938). Courts should indulge every reasonable presumption against waiver, and they should not presume acquiescence in the loss of fundamental rights. Barker v. Wingo, 407 U.S. 514, 525-26 (1972). Presuming waiver from a silent record is impermissible. Boykin v. Alabama, 395 U.S. 238, 242 (1969); Carnley v. Cochran, 369 U.S. 506, 516 (1962).

The accused has the ultimate authority to make certain fundamental decisions regarding the case, such as whether to plead guilty, waive a jury, testify on one's own behalf, or take an appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). An attorney may not speak for a client on these decisions without consultation. *See* Johnson v. Duckworth, 793 F.2d 898 (7th Cir. 1986), *cert. denied,* 479 U.S. 937 (1986). Counsel cannot waive these

basic trial rights over a client's objection. The right of confrontation is such a right and cannot be waived over objection. Don v. Nix, 886 F.2d 203, 207 (8th Cir. 1989).

The record in this case shows that appellant's counsel was informed of the prosecution's intent to use affidavits in lieu of live testimony. However, the record is silent as to whether appellant personally received notice, or whether his counsel consulted him regarding his rights. As it appears from the record, it is possible that the first time appellant became aware of the prosecution's intent to use the affidavits was at trial, and, at that point, appellant objected.

We are unwilling to presume that appellant waived his fundamental right of confrontation upon the record in this case. The record is silent regarding whether appellant personally waived his right before trial. Moreover, the record at trial supports the contention that, at the first chance available to him, appellant objected to his counsel's decision to waive appellant's personal, fundamental right of confrontation. Therefore, the affidavits should not have been admitted at trial.

Assuming, without deciding, that NRS 50.325 is constitutional, we hold that the statute was unconstitutionally applied given the facts of his case. The admission of the affidavits, upon a silent record with respect to a knowing and intentional waiver, and in the face of appellant's objection at trial, violated appellant's fundamental right of confrontation. Accordingly, we reverse appellant's judgment of conviction and we remand this case for a new trial.[2]

---

[2]THE HONORABLE JOHN C. MOWBRAY, Chief Justice, did not participate in the decision of this appeal.