JEFFREY DeROSA, PETITIONER, *v.* THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR CARSON CITY, AND THE HONORABLE MICHAEL E. FONDI, DISTRICT JUDGE, RESPONDENTS, AND THE STATE OF NEVADA, REAL PARTY IN INTEREST.

No. 31666

JANICE LOUISE THOMAS, PETITIONER, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, AND THE HONORABLE MILLS LANE, DISTRICT JUDGE; AND THE MUNICIPAL COURT OF THE CITY OF RENO, COUNTY OF WASHOE, STATE OF NEVADA, AND THE HONORABLE PAUL S. HICKMAN, MUNICIPAL COURT JUDGE, RESPONDENTS, AND THE CITY OF RENO, NEVADA, REAL PARTY IN INTEREST.

No. 32319

August 27, 1999                                    985 P.2d 157

[Rehearing denied December 14, 1999]

*Steven G. McGuire,* State Public Defender, and *James P. Logan,* Chief Appellate Deputy Public Defender, Carson City, for Petitioner DeRosa.

*Martin H. Wiener,* Reno, for Petitioner Thomas.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Noel S. Waters,* District Attorney, and *Raymond E. Oster,* Deputy District Attorney, Carson City; *Patricia Lynch,* City Attorney, and *Lara C. McKibben,* Deputy City Attorney, Reno, for Respondents.

## OPINION

*Per Curiam:*

Petitioners DeRosa and Thomas were convicted of driving while under the influence (DUI) following separate trials in the municipal courts. Having exhausted available legal remedies, peti-

tioners seek extraordinary relief from this court by writ of certiorari.[1] We consolidate these matters for disposition. *See* NRAP 3(b).

Petitioners challenge the constitutionality of NRS 50.315-50.325. Because petitioners raise constitutional issues of statewide importance, we have elected to exercise our discretion and entertain the instant petitions. *See* Zamarripa v. District Court, 103 Nev. 638, 640, 747 P.2d 1386, 1387 (1987).

## FACTS

### Docket No. 31666

The state charged petitioner Jeffrey DeRosa with one count of misdemeanor DUI, second offense within seven years. A bench trial was held in the municipal court on February 26, 1997. At trial, the state introduced: (1) the declaration of the phlebotomist who drew a blood sample from DeRosa after his arrest; (2) the affidavit of the lab evidence technician who stored the blood sample; and (3) the affidavit of the analyst who tested the sample, attesting that it contained .108 percent by weight of alcohol. The trial transcript reflects that the state had previously informed DeRosa's counsel, by mail, of its intent to introduce these documents. DeRosa orally objected to admission of the documents on Confrontation Clause grounds. The municipal court admitted the evidence over his objection, relying on NRS 50.315-50.325. Following the trial, the municipal court convicted DeRosa of second offense DUI.

DeRosa pursued a timely appeal of his conviction in the district court. On November 21, 1997, the district court dismissed DeRosa's appeal. DeRosa subsequently filed this original petition for a writ of certiorari.[2]

### Docket No. 32319

The City of Reno ("the city") charged petitioner Janice Louise Thomas with alternate counts of misdemeanor DUI. The city also charged Thomas with careless driving. Prior to trial, the city notified Thomas's counsel, by mail, of its intent to introduce affidavits or declarations at trial of the phlebotomist who drew a

---

[1]Petitioner Thomas challenges a ruling of former District Judge Mills Lane. Accordingly, we direct the clerk of this court to amend the caption in Docket No. 32319 to conform to the caption appearing in this opinion.

[2]Pursuant to an order by this court, the state filed an answer to DeRosa's petition. DeRosa has submitted a reply to the state's answer, accompanied by a motion to file the reply. The motion is not opposed. Cause appearing, we grant DeRosa's motion and direct the clerk of this court to file the reply provisionally submitted on September 23, 1998.

blood sample from Thomas after her arrest and the lab analyst who tested the sample. Thomas filed a motion objecting to the use of any such documentary evidence in lieu of live testimony. The municipal court denied Thomas's motion to the extent that the documents were admissible pursuant to NRS 50.315-50.325.

The case proceeded to bench trial on September 11, 1997. At trial, the city introduced the phlebotomist's affidavit. The court overruled Thomas's renewed objection to the use of the affidavit. The city called the lab analyst to testify and introduced her affidavit through her testimony, which revealed that the blood sample taken from Thomas contained .197 percent by weight of alcohol. Following the trial, the court found Thomas guilty of one count of DUI.

Thomas pursued a timely appeal of her conviction in the district court. On February 12, 1998, the district court affirmed the municipal court judgment. Thomas subsequently filed this original petition for a writ of certiorari or, alternatively, mandamus or prohibition.

## DISCUSSION

### Provisions of NRS 50.315-50.325

NRS 50.315, 50.320, and 50.325 provide relatively new statutory exceptions to the hearsay rule. The statutes permit the use of documents such as the affidavits and declaration that were admitted in the instant cases, in lieu of live witness testimony.

NRS 50.315 provides that at criminal and administrative proceedings affidavits and declarations of the following persons are admissible: (1) a person who obtained and tested a breath sample for alcohol content; (2) a person who prepared a gas or chemical solution for testing breath; (3) a person who calibrated a device for testing breath; (4) a person who drew a blood sample; and (5) a person who received a blood or urine sample. A felony defendant may preclude use of an affidavit or declaration at a trial by making a written objection. NRS 50.315(7). A misdemeanor defendant who wishes to compel the prosecution to produce the witness at trial must first show "a substantial and bona fide dispute" concerning the facts in an affidavit or declaration, and that it would be "in the best interests of justice" to have the affiant or declarant cross-examined. NRS 50.315(6). The court "may" then compel the prosecution to produce the witness. *Id.*

NRS 50.320 permits the use of an affidavit or declaration of a chemist or other qualified individual who performed certain lab tests, including controlled substance and blood-alcohol analysis. Any criminal defendant may preclude admission of an affidavit or declaration at a trial by objecting in writing. NRS 50.320(3).

NRS 50.325 codifies general rules governing the admissibility of the statutory affidavits and declarations. Pursuant to NRS 50.325(2), a request to have an affidavit or declaration admitted at a trial must meet three requirements:

> [T]he request must be:
> (a) Made at least 10 days before the date set for the trial;
> (b) Sent to the defendant's counsel and to the defendant, by registered or certified mail by the prosecuting attorney; and
> (c) Accompanied by a copy of the affidavit or declaration and the name, address and telephone number of the affiant or declarant.

NRS 50.325(3) further provides: "The provisions of this section do not prohibit either party from producing any witness to offer testimony at trial."

Prior to 1997, only affidavits were admissible pursuant to the statutes, save NRS 50.315(4), which provided for the admission of an affidavit or declaration by a phlebotomist. *See* 1997 Nev. Stat., ch. 408, §§ 1-3, at 1418-1421; 1995 Nev. Stat., ch. 708, §§ 1-3, at 2712-15. DeRosa was convicted prior to approval of the 1997 amendments.

## The Issues Presented

Petitioners both challenge the statutory scheme on the ground that it violates their rights under the Confrontation Clause.[3] Thomas further alleges that distinctions in the statutes between misdemeanor and felony defendants violate the Equal Protection Clause. We reject petitioners' arguments and conclude that use of the statutory affidavits and declaration in these cases was constitutional.

## Confrontation Clause

The Confrontation Clause of the Sixth Amendment of the United States Constitution specifically provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause codifies a fundamental right that applies to the states through the Fourteenth Amendment. Pointer v. Texas, 380 U.S. 400, 403 (1965).

---

[3]In her petition, Thomas only challenges the admission of the phlebotomist's affidavit. In addition to claiming that admission of the affidavit violated her constitutional rights, Thomas further asserts that the municipal court never admitted the affidavit into evidence. The record belies this assertion.

At the heart of the Confrontation Clause is a preference for live testimony and cross-examination, " 'the greatest legal engine ever invented for the discovery of truth.' " White v. Illinois, 502 U.S. 346, 356 (1992) (quoting California v. Green, 399 U.S. 149, 158 (1970)). Thus, the concerns about the reliability of out-of-court statements are similar to the concerns underlying the hearsay rule. *See id.* "[W]here proffered hearsay has sufficient guarantees of reliability to come within a firmly rooted exception to the hearsay rule, the Confrontation Clause is satisfied." *Id.* Evidence that does not fall within a firmly rooted hearsay exception is " 'presumptively unreliable and inadmissible for Confrontation Clause purposes.' " Idaho v. Wright, 497 U.S. 805, 818 (1990) (quoting Lee v. Illinois, 476 U.S. 530, 543 (1986)). Nevertheless, such evidence is admissible if the state rebuts the presumption by showing that the evidence is sufficiently trustworthy. *Id.; see also* Ramirez v. State, 114 Nev. 550, 557-58, 958 P.2d 724, 729 (1998).

Thus, the first step in our inquiry is to consider whether the evidence was admissible under a firmly rooted hearsay exception. In DeRosa's case, the state asserts that the statutory affidavits and declaration could have been admitted pursuant to the business record exception. *See* NRS 51.135.[4] In Thomas's case, the city argues for application of the public record exception. *See* NRS 51.155.[5] Both hearsay exceptions are "firmly rooted." *See* Ohio v. Roberts, 448 U.S. 56, 66 n.8 (1980).

---

[4]Nevada's statutory business record exception is codified as NRS 51.135. The statute provides:

> A memorandum, report, record or compilation of data, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, all in the course of a regularly conducted activity, as shown by the testimony or affidavit of the custodian or other qualified person, is not inadmissible under the hearsay rule unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

[5]Nevada's statutory public record exception is codified as NRS 51.155. The statute provides:

> Records, reports, statements or data compilations, in any form, of public officials or agencies are not inadmissible under the hearsay rule if they set forth:
> 1. The activities of the official or agency;
> 2. Matters observed pursuant to duty imposed by law; or
> 3. In civil cases and against the state in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or the method or circumstances of the investigation indicate lack of trustworthiness.

First, we reject the state's argument that the evidence could have been admitted under the business record exception. As the state concedes, the proper foundation for admission of the documents as business records was not met. Moreover, the documents are simply not business records. " 'The basis for the business record exception is that accuracy is assured because the maker of the record relies on the record in the ordinary course of business activities.' " A.L.M.N., Inc. v. Rosoff, 104 Nev. 274, 285, 757 P.2d 1319, 1326 (1988) (quoting Clark v. City of Los Angeles, 650 F.2d 1033, 1037 (9th Cir. 1981)). Here the documents were prepared for purposes of litigation and not for use by the businesses responsible for their preparation. Thus, they lack one of the indicia of reliability underlying the business record exception. *See id.*

Second, we reject the city's argument that the public record exception applies. To qualify as a public record in both a traditional sense and pursuant to Nevada's statutory codification of that exception, the record must have been prepared by a public official or agency. NRS 51.155. The admission of an affidavit or declaration pursuant to NRS 50.315-50.325 is, however, not contingent on the status of the affiant or declarant as a public official. Moreover, in the instant cases the documents were not prepared by public officials. Thomas's blood was drawn by an employee of Laboratory Corporation of America (formerly Sierra Nevada Laboratories). DeRosa's blood was drawn by an employee of Carson-Tahoe Hospital and was received and analyzed by employees of Sierra Nevada Laboratories.

Accordingly, we turn to the issue of whether the evidence was otherwise sufficiently trustworthy to satisfy Confrontation Clause concerns. Evidence that does not fall within a firmly rooted hearsay exception must possess " 'particularized guarantees of trustworthiness' " to satisfy the Confrontation Clause. *Wright,* 497 U.S. at 818 (quoting *Roberts,* 448 U.S. at 66). Such evidence "must be at least as reliable as evidence admitted under a firmly rooted hearsay exception" such that "adversarial testing would add little to its reliability." *Id.* at 821.

Here, we are satisfied that the statutory affidavits and declaration were sufficiently trustworthy to be admitted over Confrontation Clause objections. Although they do not qualify as business records, the documents do share some of the indicia of

reliability underlying the business record exception. The documents were prepared pursuant to NRS 50.315 and NRS 50.320 for the limited purpose of describing acts performed or observed pursuant to the employment duties of the affiants and declarant. Such documents are prepared routinely and record objective facts, not subjective observations. The affiants and declarant are trained professionals whose employment depends on ensuring accuracy in the performance of their duties. Under the circumstances of the documents' preparation, we perceive little motive to lie or fabricate on the part of the affiants or declarant. Finally, the usefulness of live testimony would be questionable in that the affiants and declarant may lack specific independent recollection of the individual circumstances surrounding each routine act.

Moreover, the blood-alcohol test is a routine test of established reliability. *See* State, Dep't Mtr. Veh. v. Bremer, 113 Nev. 805, 809, 942 P.2d 145, 148 (1997). There can be little question concerning the scientific validity or objective nature of this test.

Accordingly, we join many other jurisdictions that have rejected challenges under the Confrontation Clause to admission of similar statutory evidence. *See, e.g.,* State v. Sosa, 800 P.2d 839 (Wash. Ct. App. 1990) (holding lab report of controlled substance analysis admissible); State v. Fischer, 459 N.W.2d 818 (N.D. 1990) (holding report identifying controlled substance admissible); State v. Hughes, 713 S.W.2d 58 (Tenn. 1986) (holding a certificate of blood-alcohol test results admissible); State v. Smith, 323 S.E.2d 316 (N.C. 1984) (holding chemical analyst's affidavit admissible to prove blood-alcohol content); State v. Larochelle, 297 A.2d 223 (N.H. 1972) (holding report admissible to prove blood-alcohol content). In concluding that the state could dispense with the right of confrontation, several of these courts have emphasized the trustworthiness of the evidence. *See Sosa,* 800 P.2d at 843; *Smith,* 323 S.E.2d at 324-25; *Larochelle,* 297 A.2d at 226. Other courts have explicitly held that the relevant statutory provisions preserved a defendant's confrontation rights but have also concluded that the statutory evidence was particularly trustworthy. *See Fischer,* 459 N.W.2d at 822; *Hughes,* 713 S.W.2d at 61.

In addition to the indicia of trustworthiness, we note that the procedures set forth in the statutes at issue preserve a defendant's rights by providing a defendant with an opportunity to preclude the use of an affidavit or declaration. Any defendant may preclude the use of a chemist's affidavit or declaration by making an objection in writing. NRS 50.320(3). A felony defendant may similarly preclude the use of the other statutory affidavits or declarations, admissible pursuant to NRS 50.315, by making an objection in

writing. NRS 50.315(7). A misdemeanor defendant may request the court to compel the production of an affiant or declarant, pursuant to NRS 50.315, by demonstrating a substantial and bona fide dispute of fact and that it would be in the best interests of justice to have the affiant or declarant cross-examined. NRS 50.315(6). Although the misdemeanor defendant is afforded less procedural protection than the felony defendant, the right to appeal to the district court provides additional safeguards against an abuse of discretion by the municipal or justice court.

We recognize, however, that our holding is inconsistent with the reasoning underlying this court's prior holding in Raquepaw v. State, 108 Nev. 1020, 843 P.2d 364 (1992). At Raquepaw's trial, the state introduced affidavits by individuals who calibrated a breath-analyzing device and who prepared the alcohol solution used in the device. *Id.* at 1021-22, 843 P.2d at 365-66. These documents were admissible pursuant to former NRS 50.315 and NRS 50.325 and remain admissible under the current versions of the statutes. This court held that admission of the affidavits implicated Raquepaw's right of confrontation, a personal right that could not be waived by counsel over a defendant's objection. *Id.* at 1022-23, 843 P.2d at 366. In the absence of any indication that Raquepaw had waived his confrontation right, this court concluded that admission of the statutory affidavits had been improper. *Id.* at 1023, 843 P.2d at 366-67.

We discern little distinction between the trustworthiness of the affidavits used in *Raquepaw* and the trustworthiness of the affidavits and declaration used in the instant cases. Thus, to the extent that our holding today is inconsistent with our holding in *Raquepaw, Raquepaw* is overruled. Given the trustworthiness of the evidence, only the *statutory right* to confront the witness is implicated, not the Confrontation Clause. *See Sosa,* 800 P.2d at 843-44.

■■■ ■ ■

Trial counsel may effectively waive a defendant's statutory rights. Here, counsel for DeRosa did so by failing to argue that there was a substantial and bona fide dispute of fact regarding the use of the phlebotomist's declaration and the evidence technician's affidavit, and by failing to object in writing to the use of the lab analyst's affidavit. *See* NRS 50.315(6); NRS 50.320(3). Similarly, counsel for Thomas failed to argue that there was a substantial and bona fide dispute of fact regarding the use of the phlebotomist's affidavit. Alternately, counsel could have sought to secure the presence of an affiant or declarant by timely subpoena. *See* NRS 50.325(3). If counsel acted unreasonably and petitioners were thereby prejudiced, petitioners may pursue relief by commencing timely post-conviction actions asserting claims that their

counsel were ineffective. *See* Strickland v. Washington, 466 U.S. 668 (1984); *see also Sosa,* 800 P.2d at 844.

In so ruling, we do not hold that *every* affidavit or declaration admissible pursuant to NRS 50.320 is sufficiently trustworthy to satisfy Confrontation Clause concerns. NRS 50.320 permits the use of a chemist's affidavit in a broad category of cases not limited to the routine and reliable blood-alcohol test, but also encompassing controlled substance analysis. Although many tests for controlled substances are no doubt routine and reliable, it is possible that the use of a chemist's affidavit or declaration to prove the results of a controversial or subjective test might invoke Confrontation Clause concerns.

Nevertheless, we are satisfied that NRS 50.320(3) preserves the defendant's constitutional right to confront witnesses in cases where the use of an affidavit or declaration may create concerns as to the trustworthiness of the evidence. NRS 50.320(3) explicitly provides that a defendant may preclude admission of a chemist's affidavit or declaration by objecting in writing. The state is then obligated to produce the affiant or declarant. If there were concerns as to the trustworthiness of the evidence, however, we caution that compliance with *Raquepaw* would be required. Where the defendant's fundamental right of confrontation *is* implicated, defense counsel may not waive it over the defendant's objection. *See Raquepaw,* 108 Nev. at 1022-23, 843 P.2d at 366.

*Equal Protection Clause*

Thomas further contends that NRS 50.315 violates the Equal Protection Clause of the United States Constitution by placing a greater burden on misdemeanor defendants than on felony defendants who wish to assert their right to cross-examine witnesses at trial. Pursuant to NRS 50.315(7), a felony defendant may object in writing to the use of an affidavit or declaration, precluding its admission and compelling the state to produce the affiant or declarant. A misdemeanor defendant lacks this absolute statutory right, and instead must show "a substantial and bona fide dispute" concerning the facts in an affidavit or declaration, and that it would be "in the best interests of justice" to have the affiant or declarant cross-examined. NRS 50.315(6).

The Equal Protection Clause of the United States Constitution "is essentially a direction that all persons similarly situated should be treated alike." Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). The Equal Protection Clause

"requires that state laws which provide different treatment to different classes of people have a rational basis to a legitimate governmental interest." Armijo v. State, 111 Nev. 1303, 1304, 904 P.2d 1028, 1029 (1995) (citing Reed v. Reed, 404 U.S. 71 (1971)). Absent the involvement of a suspect classification or a fundamental right, a classification is constitutional if it "bears a rational relationship to the legislative purpose sought to be effected." *Id.*

Thomas's equal protection challenge lacks merit. As long as Nevada's statutory scheme sufficiently protects the constitutional rights of a misdemeanor defendant, the fact that it affords the misdemeanor defendant less procedural protection than a felony defendant is not of constitutional moment. Felony defendants face a greater loss of liberty than misdemeanor defendants do. Convicted felons face incarceration in the state prison rather than a county jail, loss of their civil rights, more severe subsequent sentencing enhancements, longer periods of incarceration, and higher fines. Affording misdemeanor defendants less procedural protection than felony defendants is a rational means to a legitimate government objective. The state may thereby expedite less serious cases, saving time and money. *See* Johnson v. Louisiana, 406 U.S. 356, 363-65 (1972) (rejecting an equal protection challenge to a state statutory scheme that varied both the number of jurors in a case and the number that were required to convict a defendant based on the seriousness of the charged offense).

## CONCLUSION

Accordingly, for the reasons stated herein, we deny these petitions.