*901
 
 OPINION
 

 By the Court, Becker, C. J.:
 

 This case involves the scope of NRS 50.315(4), which permits the admission of a nurse’s affidavit to prove certain facts relating to the withdrawal of blood for testing purposes. It also implicates the construction of that statute in light of the United States Supreme Court’s recent holding in
 
 Crawford v.
 
 Washington.
 
 [1]
 

 On June 11, 2004, a panel of this court issued an opinion in this case limiting the admissibility of a registered nurse’s affidavit in respondent Mike Gehner’s trial for driving under the influence of alcohol. This court concluded that the affidavit was testimonial under
 
 Crawford
 
 and that admission of the affidavit violated Gehner’s Sixth Amendment right of confrontation.
 
 [2]
 
 The panel subsequently denied appellant City of Las Vegas’s petition for rehearing, and the City then filed a petition for en banc reconsideration. Having considered the City’s petition and Gehner’s response, we conclude that en banc reconsideration is warranted because this case involves an issue of substantial precedential and constitutional import — the constitutionality of NRS 50.315(4) in light of Crawford.
 
 [3]
 
 We therefore grant the petition and withdraw the court’s June 11, 2004, opinion.
 

 We conclude that the affidavit complied with NRS 50.315(4) and was admissible. Therefore, the municipal and district courts erred in excluding the affidavit for noncompliance with the statute. We further conclude that NRS 50.315(4) is not unconstitutional because it adequately preserves the rights of an accused under the Confrontation Clause of the United States Constitution.
 
 [4]
 
 Accordingly, we reverse the judgment of the district court and remand the matter to the district court with instructions to grant the writ of mandamus and direct the municipal court to determine whether Gehner has waived any objection to the admission of the affidavit in light of our opinion.
 

 FACTS AND PROCEDURAL HISTORY
 

 Gehner was charged with misdemeanor driving under the influence of alcohol. At trial, the City requested a ruling from the municipal court regarding Gehner’s objection to the admissibility of a registered nurse’s affidavit.
 

 
 *902
 
 The affidavit stated the nurse’s name and employer, that she was authorized to withdraw blood as a regular part of her duties, the date and time she withdrew the blood, that she withdrew Gehner’s blood in a medically acceptable manner, that she used no alcohol solutions or alcohol-based swabs, and that she kept the sample in her custody and in the same condition as when she withdrew it until she delivered it to law enforcement officials.
 

 The City argued that all of the facts contained in the nurse’s affidavit were admissible under NRS 50.315(4). Gehner did not contest the validity of the facts contained in the affidavit. Rather, he argued that the affidavit’s contents exceeded the scope of information permissible under the statute, namely that the nurse used no alcohol solutions or alcohol-based swabs. Gehner argued that the inadmissible facts should be redacted from the affidavit. Gehner then argued that the municipal court should order the prosecution to produce the nurse so that Gehner could ask whether any alcohol solutions or swabs had been used in withdrawing the blood.
 

 The municipal court concluded that the nurse’s affidavit exceeded the scope of NRS 50.315(4), struck portions of the affidavit as being noncompliant with the statute, and ordered the prosecution to produce the nurse.
 
 [5]
 

 The City filed a petition for a writ of mandamus in the district court, requesting the district court to compel the municipal court to admit the nurse’s affidavit in its entirety. After holding a hearing, the district court denied the petition, agreeing with the municipal court’s interpretation of NRS 50.315(4). The City appealed.
 

 DISCUSSION
 

 A district court’s decision to deny a writ petition is generally reviewed under an abuse of discretion standard.
 
 [6]
 
 However, questions of statutory construction are questions of law that this court must review de novo.
 
 [7]
 
 Two issues of law are presented in this appeal: (1) whether factual information in a nurse’s affidavit may exceed the enumerated information contained in NRS 50.315(4), and (2) whether NRS 50.315(4) is unconstitutional under
 
 Crawford.
 

 Affidavit limitations
 

 Gehner contends that only information specifically listed in NRS 50.315(4) may be admitted by affidavit. This court’s primary ob
 
 *903
 
 jective in construing a statute is to give effect to the Legislature’s intent.
 
 [8]
 
 In so doing, this court must first look to the plain language of the statute.
 
 [9]
 
 But, if the statutory language is ambiguous or otherwise does not speak to the issue before this court, this court must construe the statute ‘ ‘ ‘in line with what reason and public policy would indicate the legislature intended.’ ”
 
 [10]
 

 NRS 50.315(4) provides that the affidavit of a person who withdraws a sample of blood from another for analysis by an expert is admissible to prove certain facts:
 

 (a) The occupation of the affiant or declarant;
 

 (b) The identity of the person from whom the affiant or de-clarant withdrew the sample;
 

 (c) The fact that the affiant or declarant kept the sample in his sole custody or control and in substantially the same condition as when he first obtained it until delivering it to another; and
 

 (d) The identity of the person to whom the affiant or declarant delivered it.
 

 On its face, subsection 4 does not discuss much of the information contained in the affidavit at issue. However, subsection 4 is part of a larger statute. NRS 50.315(8) delegates the power to adopt regulations prescribing the form of an affidavit under the statute to the Committee on Testing for Intoxication. The affidavit in this case is a form and encompasses standard procedures used to withdraw blood for testing. The record indicates that the form was developed and approved by the committee.
 
 [11]
 

 The language of subsection 8, when read in conjunction with subsection 4, creates an ambiguity in the statute. Did the Legislature intend that affidavits cover only the subject matter enumerated in subsection 4, or did it intend to give the committee authority to broaden the scope of the affidavits? Given this ambiguity, we turn to the legislative history to ascertain the Legislature’s intent.
 

 The minutes from the Senate Committee on the Judiciary reveal that NRS 50.315(4) was added to avoid the unnecessary appearance of health care professionals at trials or hearings when defense counsel had no cross-examination questions.
 
 [12]
 
 The judiciary com
 
 *904
 
 mittee was presented with a sample affidavit to illustrate what would be admitted in place of a health care professional’s testimony at trial.
 
 [13]
 
 The sample affidavit is identical in format to the nurse’s in this case, including the language about not using alcohol solutions or alcohol-based swabs. Accordingly, the Legislature was aware of the type of statements that might be contained in an affidavit and, thus, arguably did not intend for such statements to be inadmissible under NRS 50.315(4). Rather, the Legislature set forth the minimum information that must be contained in an affidavit and left the remaining information to the discretion of the committee delegated to regulate testing procedures.
 

 Interpreting the statute literally, without regard to subsection 8 or the legislative history, would lead to an absurd result. Health care professionals would be required to testify even when the defendant had no issues for cross-examination. This would undermine the whole purpose of the statute. We conclude that the affidavit was admissible and that the municipal court and district court erred in excluding it on the basis of statutory noncompliance. We now turn to the constitutionality of the statute under
 
 Crawford
 
 and the Confrontation Clause.
 

 Confrontation Clause
 

 Athough the affidavit may be admissible under state statute, it is still subject to challenge under the Sixth Amendment of the United States Constitution.
 
 [14]
 
 The right to cross-examine witnesses is fundamental to a fair trial and applicable to the states through the Fourteenth Amendment.
 
 [15]
 
 Prior to
 
 Crawford,
 
 the affidavit’s admissibility would have been governed by the previously well-settled rule of
 
 Ohio v.
 
 Roberts.
 
 [16]
 
 Under the
 
 Roberts
 
 test, the admission of a hearsay statement against a criminal defendant at trial did not violate the Confrontation Clause provided the statement bore adequate indicia of reliability by either (1) falling within a “firmly rooted hearsay exception,” or (2) bearing “particularized guarantees of trustworthiness.”
 
 [17]
 
 In
 
 DeRosa
 
 v.
 
 District Court,
 
 we con
 
 *905
 
 cluded that affidavits under NRS 50.315 contained such guarantees of trustworthiness.
 
 [18]
 
 However, the Court in
 
 Crawford
 
 rejected the
 
 Roberts
 
 approach.
 

 In
 
 Crawford,
 
 the Court held that the Confrontation Clause bars the use of a testimonial statement made by a witness who does not appear at trial, unless the witness is unavailable to testify at trial, and the defendant had a prior opportunity to cross-examine the witness regarding the statement.
 
 [19]
 
 Thus, under
 
 Crawford,
 
 the admissibility of a hearsay statement under the Confrontation Clause now necessarily depends on whether the statement is testimonial in nature. The Court expressly declined to define the term “testimonial,” beyond stating that the term “applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations.’ ’
 
 [20]
 
 But the Court did make some observations, illustrating what might be considered testimonial. The Court noted that the text of the Confrontation Clause reflects the Framers’ focus on ex parte examinations:
 

 It applies to “witnesses” against the accused — in other words, those who “bear testimony.” “Testimony,” in turn, is typically “[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.” An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not. The constitutional text, like the history underlying the common-law right of confrontation, thus reflects an especially acute concern with a specific type of out-of-court statement.
 

 Various formulations of this core class of “testimonial” statements exist:
 
 “ex parte
 
 in-court testimony or its functional equivalent — that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially,” “extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions,” “statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.”
 
 [21]
 

 
 *906
 
 Given the above examples and our recent decision in
 
 Flores v. State,
 

 [22]
 

 we conclude the affidavits specified in NRS 50.315 are testimonial statements. Although they may document standard procedures, they are made for use at a later trial or legal proceeding. Thus, their admission, in lieu of live testimony, would violate the Confrontation Clause. That portion of
 
 DeRosa
 
 that found no Confrontation Clause violation using a
 
 Roberts
 
 analysis is hereby overruled.
 

 However,
 
 DeRosa
 
 also held that Confrontation Clause objections may be waived by failure to comply with statutory procedures.
 
 [23]
 
 As
 
 DeRosa
 
 noted, NRS 50.315(6) and (7) provide the statutory scheme for the waiver of the Confrontation Clause for NRS 50.315 affidavits. NRS 50.315(6) and (7) state:
 

 6. If, at or before the time of the trial, the defendant establishes that:
 

 (a) There is a substantial and bona fide dispute regarding the facts in the affidavit or declaration; and
 

 (b) It is in the best interests of justice that the witness who signed the affidavit or declaration be cross-examined,
 

 the court may order the prosecution to produce the witness and may continue the trial for any time the court deems reasonably necessary to receive such testimony. The time within which a trial is required is extended by the time of the continuance.
 

 7. During any trial in which the defendant has been accused of committing a felony, the defendant may object in writing to admitting into evidence an affidavit or declaration described in this section. If the defendant makes such an objection, the court shall not admit the affidavit or declaration into evidence and the prosecution may cause the person to testify in court to any information contained in the affidavit or declaration.
 

 We concluded in
 
 DeRosa
 
 that when counsel in a misdemeanor DUI case fails to argue that a substantial and bona fide dispute exists regarding the affidavit or declaration of the phlebotomist who drew the defendant’s blood, that failure acts as a waiver of the defendant’s confrontation rights.
 
 [24]
 
 Defendant’s counsel is vested with
 
 *907
 
 the authority to waive the defendant’s right to confrontation under NRS 50.315.
 
 [25]
 
 Failure to properly raise a dispute of fact with regard to affidavits admitted under NRS 50.315 constitutes a waiver of the defendant’s opportunity to confront the witnesses against him.
 
 [26]
 

 DeRosa
 
 dealt with a misdemeanor DUI conviction; however, such waiver is available in felony cases as well. The defendant has a greater ability to challenge and exclude an affidavit or declaration offered in a felony DUI case. NRS 50.315(7) indicates that when a defendant in a felony case objects in writing, the court “shall not admit the affidavit or declaration into evidence.”
 

 Nothing in
 
 Crawford
 
 compels us to overrule the waiver language in
 
 DeRosa.
 
 The essence of
 
 Crawford
 
 is the need for cross-examination. If defense counsel has no bona fide dispute regarding the facts in an affidavit and credibility of an NRS 50.315 declar-ant, then cross-examination is meaningless. It serves no purpose to have a witness appear if no questions will be asked on cross-examination. Therefore, we are convinced that NRS 50.315 adequately preserves the constitutional right to confront witnesses against a defendant by providing a statutory confrontation mechanism. Any finding of waiver and admission of the affidavit would be subject to a harmless error review on appeal.
 
 [27]
 

 CONCLUSION
 

 We conclude that the nurse’s affidavit did not exceed the scope of NRS 50.315(4) and that the district and municipal courts erred in excluding the affidavit on those grounds.
 

 We further conclude that while NRS 50.315 affidavits may be deemed testimonial in nature under
 
 Crawford,
 
 certain statutes provide a waiver of that right to confront. The statutory provisions adequately protect the accused’s right to confront the witnesses against him while streamlining the trial process, serving both the interests of the accused and judicial economy. We therefore hold that NRS 50.315 adequately preserves the rights of an accused under the Confrontation Clause of the United States Constitution. Failure to exercise confrontation rights will act as a waiver of those rights with regard to the affidavits and declarations prepared pursuant to NRS 50.315.
 

 
 *908
 
 Accordingly, we reverse the judgment of the district court and remand this matter for the district court to grant the petition for a writ of mandamus and direct the municipal court to determine whether Gehner has waived his confrontation rights under NRS 50.315(6).
 

 Rose, Maupin, Gibbons, Douglas, Hardesty and Parraguirre, JJ., concur.
 

 [1]
 

 541 U.S. 36 (2004).
 

 [2]
 

 City of Las Vegas
 
 v.
 
 Walsh,
 
 120 Nev. 392, 91 P.3d 591,
 
 as modified,
 
 100 P.3d 658 (2004).
 

 [3]
 

 NRAP 40A(a).
 

 [4]
 

 U.S. Const. amend. VI.
 

 [5]
 

 The record reflects that the nurse could not be produced as she had moved out of state.
 

 [6]
 

 City of Reno
 
 v.
 
 Reno Gazette-Journal,
 
 119 Nev. 55, 58, 63 P.3d 1147, 1148 (2003).
 

 [7]
 

 Id.
 

 [8]
 

 Salas v. Allstate Rent-A-Car, Inc.,
 
 116 Nev. 1165, 1168, 14 P.3d 511, 513 (2000).
 

 [9]
 

 Id.
 
 at 1168, 14 P.3d at 513-14.
 

 [10]
 

 State, Dep’t of Mtr. Vehicles
 
 v.
 
 Lovett,
 
 110 Nev. 473, 477, 874 P.2d 1247, 1249-50 (1994) (quoting
 
 State, Dep’t Mtr. Vehicles v. Vezeris,
 
 102 Nev. 232, 236, 720 P.2d 1208, 1211 (1986)).
 

 [11]
 

 NAC 50.055.
 

 [12]
 

 Hearing on S.B. 157 Before the Senate Comm. on Judiciary, 68th Leg. (Nev., February 13, 1995); Hearing on S.B. 157 Before the Senate Comm. on Judiciary, 68th Leg. (Nev., June 1, 1995).
 

 [13]
 

 Hearing on S.B. 157 Before the Senate Comm. on Judiciary, 68th Leg. (Nev., February 13, 1995).
 

 [14]
 

 U.S. Const. amend. VI (“In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him . . . .”).
 

 [15]
 

 Pointer
 
 v.
 
 Texas,
 
 380 U.S. 400, 401 (1965);
 
 Drummond
 
 v.
 
 State,
 
 86 Nev. 4, 6, 462 P.2d 1012, 1013 (1970).
 

 [16]
 

 448 U.S. 56 (1980),
 
 overruled by Crawford v. Washington,
 
 541 U.S. 36 (2004).
 

 [17]
 

 Id.
 
 at 66.
 

 [18]
 

 115 Nev. 225, 234, 985 P.2d 157, 162 (1999).
 

 [19]
 

 Crawford,
 
 541 U.S. at 68-69.
 

 [20]
 

 Id.
 
 at 68.
 

 [21]
 

 Id.
 
 at 51-52 (alterations in original) (citations omitted).
 

 [22]
 

 121 Nev. 706, 120 P.3d 1170 (2005) (discussing the nature of testimonial statements).
 

 [23]
 

 DeRosa, 115 Nev. at 234, 985 P.2d at 163.
 

 [24]
 

 Id.
 

 [25]
 

 Id.
 

 [26]
 

 Id.
 

 [27]
 

 Crawford,
 
 541 U.S. at 76 (Rehnquist, C. J., concurring);
 
 Flores,
 
 121 Nev. at 721, 120 P.3d at 1180.