STUCKY, Judge,
with whom EFFRON, Chief Judge, joins (concurring in the result):
I concur in the result, but write separately to emphasize that any error in the admission of the laboratory reports, if error at all, cannot be plain error because the state of the law at issue here was (until today) thoroughly unsettled.
This case was tried in 2002, under the Confrontation Clause regime of Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), where the sine qua non was whether the out-of-court statement bore “adequate indicia of reliability — i.e., falls within a ‘firmly rooted hearsay exception’ or bears ‘particularized guarantees of trustworthiness.’ ” Crawford v. Washington, 541 U.S. 36, 42, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (quoting Roberts, 448 U.S. at 66, 100 S.Ct. 2531). Laboratory reports were normally admissible as business records under Military Rule of Evidence (M.R.E.) 803(6), a firmly rooted hearsay exception. See United States v. Rankin, 64 M.J. 348, 353 (C.A.A.F. 2007); United States v. Magyari, 63 M.J. 123, 128 (C.A.A.F.2006).
While direct appeal in this case was underway, the Supreme Court overruled Ohio v. Roberts and established a new rule in which the “testimonial” or “nontestimonial” nature of the out-of-court statement determined whether the Confrontation Clause affected its admissibility under the Sixth Amendment. Crawford, 541 U.S. at 51, 124 S.Ct. 1354. While the Supreme Court later held Crawford not to apply retroactively to judgments in criminal cases that were already final on direct review, see Whorton v. Bockting, — U.S. -, 127 S.Ct. 1173, 1181-84, 167 L.Ed.2d 1 (2007), the holding in Griffith v. Kentucky, 479 U.S. 314, 322-23, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), requires its application to eases, like this one, that were on direct appeal at the time of the decision.
Error is “plain” when it is “obvious” or “clear under current law.” United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Johnson v. United States, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), held that “plain error” is to be judged as of the time of appellate consideration, taking into account changes in the law since the trial. Id. at 467-68, 117 S.Ct. 1544.
This ease is not Johnson, however. In Johnson, the law at the time of trial was clear, but was later changed by an opinion of the Supreme Court such that it was once again clear, but contrary, at the time of appellate consideration. Id. at 467-68, 58 S.Ct. 1019. Here, the law was clear at the time of trial— Ohio v. Roberts — but the Supreme Court’s decision in Crawford has thrown it into doubt rather than either confirming it or clearly changing it.
Where the law was unsettled at the time of trial and remained unclear at the time of appeal, a decision by a trial court cannot be plain error. 28 James Wm. Moore et al., Moore’s Federal Practice, § 652.04[3], at 652-22 n.34 (3d ed.2007) (citing eases from eleven of the twelve federal circuits). It would seem to follow, then, that where the court correctly applied existing law at trial, but the law subsequently became unsettled and was unsettled when the case was on appeal, there could be no plain error.
That the law on the admissibility of laboratory reports was thrown into flux by Craw *163 ford, is undeniable. Compare United States v. Ellis, 460 F.3d 920, 923-27 (7th Cir.2006), People v. Geier, 41 Cal.4th 555, 61 Cal. Rptr.3d 580, 161 P.3d 104, 133-40 (2007), State v. O’Maley, 156 N.H. 125, 932 A.2d 1, 9-15 (2007), State v. Forte, 360 N.C. 427, 629 S.E.2d 137, 142-45 (2006), Commonwealth v. Verde, 444 Mass. 279, 827 N.E.2d 701, 705-06 (2005), State v. Dedman, 2004 NMSC 37, ¶¶ 24-32, 136 N.M. 561, 102 P.3d 628, People v. Meekins, 34 A.D.3d 843, 828 N.Y.S.2d 83, 85 (N.Y.App.Div.2006), Pruitt v. State, 954 So.2d 611, 615-17 (Ala.Crim.App.2006) (all holding lab reports are nontestimonial), with Hinojos-Mendoza v. People, 169 P.3d 662, 667 (Colo.2007), State v. March, 216 S.W.3d 663, 665-67 (Mo.2007), Thomas v. United States, 914 A.2d 1, 5 (D.C.2006), cert. denied, — U.S. -, 128 S.Ct. 241, 169 L.Ed.2d 160 (2007), City of Las Vegas v. Walsh, 121 Nev. 899, 124 P.3d 203, 208 (2005), State v. Laturner, 38 Kan.App.2d 193, 163 P.3d 367, 376 (2007), State v. Moss, 215 Ariz. 385, 160 P.3d 1143, 1148-49 (2007), State v. Smith, 2006-Ohio-1661, ¶16 (Ohio Ct.App.2006), Johnson v. State, 929 So.2d 4, 7 (Fla.Dist.Ct.App.2005) (all holding lab reports are testimonial). A certiorari petition raising the question is presently before the Supreme Court. Commonwealth v. Melendez-Diaz, 69 Mass.App.Ct. 1114, 870 N.E.2d 676 (2007), petition for cert. filed, 76 U.S.L.W. 3255 (U.S. Oct. 26, 2007) (No. 07-591).
The majority relies on dictum in Magyari as the basis for concluding that the error was plain. I do not find that dictum persuasive authority for such a holding. As neither the Supreme Court nor this Court (until today) had resolved the admissibility of such criminal laboratory reports under Crawford, and other courts are split on the issue, there can be no plain error. See United States v. Springer, 165 Fed.Appx. 709, 715 (11th Cir. 2006).