(163 P.3d 367)
No. 96,086

STATE OF KANSAS, *Appellee*, v. MICHAEL EDWARD LATURNER, *Appellant*.

194

Opinion filed July 27, 2007.

*Rachel Pickering*, of Kansas Appellate Defender Office, for appellant.

*Garth L. Adams*, assistant county attorney, and *Phill Kline*, attorney general, for appellee.

Before HILL, P.J., MCANANY, J., and BRAZIL, S.J.

MCANANY, J.: Michael Edward Laturner challenges his convictions for possession of methamphetamine and drug paraphernalia. He claims the trial court's reliance upon K.S.A. 2006 Supp. 22-3437 to admit the incriminating results of lab tests performed on substances found in his possession denied him the right under the Sixth Amendment to the United States Constitution to confront his accuser. Because of the testimonial nature of the lab report and the trial court's discretion under K.S.A. 2006 Supp. 22-3437(3) to

admit it into evidence over the defendant's objection and without the testimony of the technician who prepared it, that portion of the statute violates the Sixth Amendment's Confrontation Clause when applied to the defendant in a criminal case. Therefore, we reverse Laturner's convictions and remand the case for a new trial.

### Background Facts

Laturner was arrested and charged with possession of methamphetamine, possession of drug paraphernalia, and criminal threat. The State filed a pretrial notice of its intent to introduce into evidence a Kansas Bureau of Investigation (KBI) report. The report contained an analysis of the contents of four zip lock baggies hidden by Laturner but recovered by the authorities. The lab report concluded that three of the four baggies contained methamphetamine.

Laturner objected to the lab report's admission without the testimony of the forensic scientist who wrote it because the report was not clear as to which baggies tested positive for methamphetamine. He also objected because the certificate of analysis did not explain what test equipment was used. The court overruled Laturner's objection, and the report was received into evidence at trial without further objection from Laturner. The jury convicted Laturner of possession of methamphetamine and possession of drug paraphernalia, but acquitted him of criminal threat.

Laturner appeals. He argues that his right of confrontation was violated because he was not able to cross-examine the technician who prepared the lab report. He claims K.S.A. 2006 Supp. 22-3437 is unconstitutional based on the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004).

### Preservation of the Confrontation Issue

The State does not address the merits of the constitutional issue. It contends that Laturner's motion in limine did not challenge the report on confrontation grounds. Further, the State argues, when Laturner's motion was unsuccessful, he failed to preserve the issue

at trial and invited the error he now complains of by not objecting to the admission of the report at trial.

Subject to three exceptions, a timely and specific objection for the admission of evidence is necessary to preserve an issue for appeal. *State v. Torres*, 280 Kan. 309, 319, 121 P.3d 429 (2005). The exceptions arise when (1) the newly asserted issue involves only a question of law founded on proven or admitted facts, and answering the legal question will resolve the case; (2) consideration of the issue is necessary to serve the ends of justice or to prevent a denial of fundamental rights; or (3) by considering the previously unasserted issue the judgment of the trial court may be upheld on appeal as being right but for the wrong reason. See *State v. Adams*, 280 Kan. 494, 511, 124 P.3d 19 (2005), *overruled on other grounds State v. Davis*, 283 Kan. 569, 158 P.3d 317 (2007).

Laturner asserts that we should consider the issue to prevent the denial of his fundamental rights. The right to confrontation is a fundamental right guaranteed by the Sixth Amendment. Further, Laturner did not invite the court to err in admitting this evidence since he objected to the State's pretrial proffer and did not elicit the testimony he now challenges. Finally, while he did not specifically refer to his Sixth Amendment rights at the pretrial hearing, the nature of his complaint was that he was denied the opportunity to confront and to cross-examine at trial the forensic scientist who prepared the report to determine which bags contained methamphetamine and what testing equipment was used to detect its presence.

*Applicable Standards for Constitutional Review*

Our Supreme Court considered the constitutionality of K.S.A. 22-3437 in *State v. Crow*, 266 Kan. 690, 974 P.2d 100 (1999). Since the constitutional analysis in *Crow* no longer applies, as we will discuss later, we must revisit this issue. In doing so we presume the statute is constitutional and resolve all doubts in favor of its validity. In determining its constitutionality, it is our duty to uphold a statute rather than defeat it if there is any reasonable way to do so. See *State v. Brown*, 280 Kan. 898, 899, 127 P.3d 257 (2006).

*The Statute*

The challenged statute, K.S.A. 2006 Supp. 22-3437, permits the admission of a forensic lab report without the testimony of the technician who prepared it. Since our analysis requires the interpretation of this statute and since the statute implicates the fundamental constitutional right of confrontation when applied in a criminal case, our review is de novo. See *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

The statute sets forth the procedure to be followed before admission of a forensic lab report without the testimony of the technician. First, at the request of a law enforcement agency, the technician will prepare a certificate, sworn to under oath, which contains the results of the analysis. K.S.A. 2006 Supp. 22-3437(2). This section of the statute also requires the technician to submit a sworn declaration which details:

"the type of analysis performed; the result achieved; any conclusions reached based upon that result; that the subscriber is the person who performed the analysis and made the conclusions; the subscriber's training or experience to perform the analysis; the nature and condition of the equipment used; and the certification and foundation requirements for admissibility of breath test results, when appropriate." K.S.A. 2006 Supp. 22-3437(2).

Second, at least 20 days in advance of the trial or hearing where the certificate of the lab test results will be offered, the offering party must give notice to the court and the opposing party and provide them with copies of the certificate and the reports relating to the analysis in question. The opposing party then must assert any objection and the grounds for the objection within 10 days. K.S.A. 2006 Supp. 22-3437(3).

Third, in the event of an objection, the district court must determine the admissibility of the certificate of the lab results at least 2 days before the trial or hearing.

"A proffered certificate shall be admitted in evidence unless it appears from the notice of objection and grounds for that objection that the conclusions of the certificate, including the composition, quality or quantity of the substance submitted to the laboratory for analysis or the alcohol content of a blood or breath sample will be contested at trial. A failure to comply with the time limitations regarding the notice of objection required by this section shall constitute a waiver

of any objections to the admission of the certificate. The time limitations set forth in this section may be extended upon a showing of good cause." K.S.A. 2006 Supp. 22-3437(3).

*Prior Consideration of the Constitutionality of the Statute*

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."

Our Supreme Court considered the constitutionality of K.S.A. 22-3437 with respect to a criminal defendant's right of confrontation in *Crow*. The court concluded that the statute does not violate a defendant's right of confrontation. In doing so, the court balanced the public interest in judicial economy against the defendant's right of confrontation.

"By enacting K.S.A. 1996 Supp. 22-3437, the Kansas Legislature determined the public has a significant interest in avoiding the unnecessary expense of insuring the presence of laboratory technicians at trials where the content of their testimony will not be challenged by defendants. The availability of criminalists or laboratory personnel has been a limiting factor in setting trials, and the prompt administration of justice justifies admission of evidence without their presence in many instances. A constitutional mechanism has been provided whereby defendants can challenge the admissibility of such evidence and demonstrate the necessity for the presence of such witnesses. We leave the imposition of confrontation to counsel and not the trial court, but we are confident that trial courts can control spurious objections by defendants or attempts by the prosecution to utilize K.S.A. 1996 Supp. 22-3437 where it would clearly be inappropriate. Properly utilized, this provision can speed up trial time, clarify issues, and promote judicial economy while still fully protecting the rights of the accused." *Crow*, 266 Kan. at 706.

The court in *Crow* noted that the statute gives a defendant the opportunity to challenge the report before the trial or hearing, in which case the district court serves as a gatekeeper in evaluating the defendant's objections to the report. 266 Kan. at 705-06. Relying on several United States Supreme Court cases, including *Ohio v. Roberts*, 448 U.S. 56, 65 L. Ed. 2d 597, 100 S. Ct. 2531 (1980), the court determined that a hearsay statement admitted under a " 'firmly rooted' [hearsay] exception" with " 'particularized guarantees of trustworthiness' " does not violate the Confrontation

Clause. *Crow*, 266 Kan. at 699. In doing so, the court in *Crow* did not consider the testimonial nature of the report being admitted under K.S.A. 22-3437.

### *Crawford and Its Progeny*

Later in *Crawford* the United States Supreme Court announced that reliability is no longer the constitutional touchstone of a Confrontation Clause analysis. *Crawford*, 541 U.S. at 62, 67-69. Instead of reliability, the *Crawford* Court held that the analysis turns on whether the hearsay statement is testimonial. If the statement is testimonial, the statement is inadmissible unless the State proves that (1) the declarant is unavailable and (2) the defendant had a prior opportunity to cross-examine the declarant. A statement which is not testimonial does not implicate the Confrontation Clause and may be admitted if it satisfies a recognized hearsay exception. *Crawford*, 541 U.S. at 69; see *Davis v. Washington*, 547 U.S. 813, 165 L. Ed. 2d 224, 126 S. Ct. 2266 (2006); *Davis*, 283 Kan. 569, Syl. ¶ 2.

Both *Davis v. Washington* and *Crawford* prohibit the district court from acting as a gatekeeper in determining whether a testimonial statement bears sufficient indicia of reliability. The Court has stated that such a determination injects "too much discretion in judicial hands." *Crawford*, 541 U.S. at 67. Thus, it is inconsistent with a criminal defendant's right of confrontation to admit testimonial evidence based upon its reliability and trustworthiness when the defendant has no opportunity to confront the absent declarant.

In *State v. Davis*, 283 Kan. at 575, our Supreme Court applied the confrontation analysis in *Davis v. Washington* and *Crawford* and announced: "To the extent that the analysis in previous decisions of this court differs from the Confrontation Clause analysis set forth in this opinion, these previous decisions are overruled." *Crow* is, therefore, no longer good law.

The United States Supreme Court has provided three criteria for determining that a statement is testimonial in nature: (1) the primary purpose of the statement is to establish or prove a fact that is potentially relevant in a criminal prosecution; (2) the statement

is similar to a statement a witness would make on the witness stand at trial or its functional equivalent, such as statements made in affidavits, prior testimony, or custodial interrogations; or (3) the statement was made to police during an investigation and not during an ongoing emergency. See *Davis v. Washington*, 547 U.S. at 829-32; *Crawford*, 541 U.S. at 68.

There is a significant split between various courts in the various states on the testimonial nature of these lab reports under varying fact patterns. Lab reports are categorized as testimonial statements requiring Confrontation Clause protection in the following cases: *Smith v. State*, 898 So. 2d 907, 916-18 (Ala. Crim. App. 2004), *cert. denied* (Ala.) October 15, 2004 (autopsy report); *Thomas v. United States*, 914 A.2d 1, 12-18 (D.C. 2006) (chemist's report); *Martin v. State*, 936 So. 2d 1190, 1192-93 (Fla. Dist. App. 2006) (drug analysis report); *People v. Lonsby*, 268 Mich. App. 375, 387-93, 707 N.W.2d 610 (2005), *appeal denied* 477 Mich. 854, 720 N.W.2d 742 (2006) (lab report); *State v. Caulfield*, 722 N.W.2d 304, 308-10 (Minn. 2006) (lab report of drug test); *State v. March*, 216 S.W.3d 663, 665-67 (Mo. 2007) (lab report); *City of Las Vegas v. Walsh*, 121 Nev. 899, 124 P.3d 203, 207-08 (2005) (nurse affidavit), *cert. denied Gehner v. City of Las Vegas*, 547 U.S. 1071 (2006); *State v. Kent*, 391 N.J. Super. 352, 364-75, 918 A.2d 626 (2007) (report prepared for trial to prove element of crime); *People v. Rogers*, 8 App. Div. 3d 888, 891-92, 780 N.Y.S.2d 393 (2004) (blood test); *State v. Crager*, 164 Ohio App. 3d 816, 822-24, 844 N.E.2d 390 (2005), *appeal allowed* 109 Ohio St. 3d 1423, 846 N.E.2d 532 (2006) (appeal pending) (lab reports).

Others consider a variety of reports to be nontestimonial under varying circumstances, though many of these cases deal with evidence other than the type of lab report which is at issue here: *Pruitt v. State*, 954 So. 2d 611, 616-17 (Ala. Crim. App.), *cert. denied* (Ala.) October 13, 2006 (certificate of analysis offered in compliance with statute); *Bohsancurt v. Eisenberg*, 212 Ariz. 182, 185-88, 129 P.3d 471 (Ariz. App.), *rev. denied* (Ariz.) September 26, 2006 (calibration records of breath-testing machine); *People v. Johnson*, 121 Cal. App. 4th 1409, 1411-13, 18 Cal. Rptr. 3d 230, *rev. denied* (Cal.) November 10, 2004 (lab report); *People v. Hinojos-Mendoza*,

140 P.3d 30, 35-37 (Colo. App. 2005), *cert. granted* (Colo.), *argued* May 2, 2007 (appeal pending) (lab report); *State v. Musser*, 721 N.W.2d 734, 753-54 (Iowa), *reh. denied* August 29, 2006 (lab report conducted 2 years before prosecution and at defendant's request); *State v. Cunningham*, 903 So. 2d 1110, 1114-21 (La. 2005) (lab report); *Commonwealth v. Verde*, 444 Mass. 279, 282-85, 827 N.E.2d 701 (2005) (chemical analysis); *People v. Jambor*, 273 Mich. App. 477, 486-88, 729 N.W.2d 569 (2007) (fingerprint cards with no analysis that prints matched defendant); *People v. Meekins*, 34 App. Div. 3d 843, 845, 828 N.Y.S.2d 83 (2006) (independent DNA lab report); *State v. Campbell*, 719 N.W.2d 374, 376-78 (N.D. 2006), *cert. denied*, 166 L. Ed. 2d 993 (2007) (lab report when defendant fails to subpoena technician); *Moreno Denoso v. State*, 156 S.W.3d 166, 181-83 (Tex. App.), *rev. denied* (Tex.) September 14, 2005 (autopsy report); *Luginbyhl v. Com.*, 46 Va. App. 460, 472-75, 618 S.E.2d 347 (2005), *aff'd en banc* 48 Va. App. 58, 628 S.E.2d 74 (2006) (mechanical breath test analysis); see also *United States v. Magyari*, 63 M.J. 123, 126-28 (2006) (data entry of routine test).

The positions taken by two of our adjoining sister states demonstrates the disparity of views on this issue. In *March*, decided by the Missouri Supreme Court, the court observed:

"The laboratory report was prepared at the request of law enforcement for March's prosecution. It was offered to prove an element of the crime—*i.e.*, that the substance March possessed was cocaine base. The report was a sworn and formal statement offered in lieu of testimony by the declarant. Use of sworn *ex parte* affidavits to secure criminal convictions was the principal evil at which the Confrontation Clause was directed. *Crawford*, 541 U.S. at 50, 124 S. Ct. 1354. A laboratory report, like this one, that was prepared solely for prosecution to prove an element of the crime charged is 'testimonial' because it bears all the characteristics of an *ex parte* affidavit." *March*, 216 S.W.2d at 666.

On the other hand, in *Hinojos-Mendoza* the Colorado Court of Appeals affirmed the defendant's conviction based on the district court's admission of a lab report under a statute similar to ours. The district court admitted the evidence over the defendant's objection because the defendant did not file the required 10-day notice of objection. The Colorado Court of Appeals concluded that

because the statements in the lab reports contained objective statements of fact and were not testimonial, they could be admitted under the business records exception to the hearsay rule. 140 P.3d at 36-37 (citing *Crawford*, 541 U.S. at 51, 55-57).

*Hinojos-Mendoza* uses the same rationale expressed in *Rollins v. State*, 161 Md. App. 34, 866 A.2d 926 (2005), a case relied upon in *State v. Lackey*, 280 Kan. 190, 212-13, 120 P.3d 332 (2005), *cert. denied* 164 L. Ed. 2d 399 (2006). The analysis in *Lackey* has since been disavowed by our Supreme Court in *Davis*, 283 Kan. at 575. In *Rollins*, the Maryland court differentiated between an autopsy report's nontestimonial objective facts and its testimonial opinions and conclusions regarding the cause of death. The Maryland court said:

"[T]he findings in an autopsy report of the physical condition of a decedent, which are routine, descriptive and not analytical, which are objectively ascertained and generally reliable and enjoy a generic indicum of reliability, may be received into evidence without the testimony of the [medical] examiner. Where, however, contested conclusions or opinions in an autopsy report are central to the determination of *corpus delicti* or criminal agency and are offered into evidence, they serve the same function as testimony and trigger the Sixth Amendment right of confrontation." *Rollins*, 161 Md. App. at 82.

The reasoning in *Rollins* and *Hinojos-Mendoza* seems somewhat circular: (1) since *Crawford* the initial inquiry is whether the evidence is testimonial, not whether it is reliable; (2) routine factual findings in an autopsy report are generally reliable; (3) therefore, evidence of routine factual findings is not testimonial. The analysis in *Rollins* and *Hinojos-Mendoza* seems to fly in the face of a plain reading of *Davis v. Washington* and *Crawford*.

The certificate challenged by Laturner refers to an examination on May 19, 2004, of "4 ziploc bags containing an off-white powder." The results of the examination were stated as follows: "Methamphetamine was detected in three of the four zip locks in Lab Item 1 {2.10 total grams net of three}. Fourth zip lock contained no controlled substances."

Laturner was charged in this case in April 2004. The lab tests were performed and the lab report was prepared the following month at the request of the State for the purpose of proving the

central element of the drug charges against Laturner. The technician who prepared the report was available to testify at trial but was not called to do so. The report does not contain any of the raw data regarding sample weight or the spectrographic distribution of the elemental components of the samples tested. It contains *only* the conclusions from the tests. Laturner had no opportunity to confront and cross-examine the technician who conducted the tests and prepared the report.

On the charge against Laturner of possessing methamphetamine, the jury was instructed on the elements necessary to convict: possession of methamphetamine, intent, and the commission of the crime on a given date in Cherokee County. The jury was further instructed to "consider and weigh everything admitted into evidence." It is difficult to imagine how the jury is to weigh evidence which bears upon *the* central fact necessary to support a conviction when there is no one who can be questioned about it. Finally, the jurors were instructed that they must presume the defendant is not guilty until they are convinced from the evidence that the defendant is guilty beyond a reasonable doubt. A *sine qua non* for guilt is the possession of methamphetamine, proof of which is only found in a report, the accuracy of which has not been tested in the courtroom. To overcome the presumption of innocence and convict Laturner of this charge, the jury had to be convinced beyond a reasonable doubt that the lab report was correct. Thus, proof of guilt becomes *ipse dixit*: It is so because the State says it is so.

Interestingly, the district court addressed the constitutional right of confrontation in denying the State's motion in limine which would have prevented Laturner from cross-examining the arresting officer—the only witness on the charge of criminal threat—regarding the manner in which he carried out his official duties in the past. The jury acquitted Laturner of that charge. Yet on Laturner's drug possession charge, there was no witness to testify about *anything* related to the central element of the crime.

The lab report challenged by Laturner is testimonial. In identifying the category of witnesses whom a criminal defendant is entitled to confront, the *Crawford* Court defined a "witness" as "one who bears testimony" against an accused. It defined "testimony"

as a "solemn declaration or affirmation made for the purpose of establishing or proving some fact." Testimonial statements are made by witnesses who bear testimony. "An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Crawford,* 541 U.S. at 51. The *Crawford* Court identified three "formulations" of this core class of testimonial statements. These include the functional equivalent of *ex parte* in-court testimony, such as affidavits, and "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." 541 U.S. at 51-52. The forensic scientist who prepared Laturner's lab report was a witness; the statements in her lab report were testimony; and she knew when preparing her report that it would be used by the State at Laturner's trial to prove he committed the crime of possessing methamphetamine.

K.S.A. 2006 Supp. 22-3437 applies to both civil and criminal proceedings. We deal today only with the application of the statute to criminal proceedings. There is no challenge to the application of the statute in a civil case.

K.S.A. 2006 Supp. 22-3437(3) restricts the objections a defendant can assert to the admission of a lab report, requires the defendant to assert an objection or waive the right of confrontation, and gives the district court the authority to evaluate the defendant's objections. In part, the statute provides:

"An opposing party who intends to object to the admission into evidence of a certificate shall give notice of objection and the ground for the objection within 10 days upon receiving the adversary's notice of intent to proffer the certificate. Whenever a notice of objection is filed, admissibility of the certificate shall be determined no later than two days before the beginning of the trial. A proffered certificate shall be admitted in evidence unless it appears from the notice of objection and grounds for that objection that the conclusions of the certificate, including the composition, quality or quantity of the substance submitted to the laboratory for analysis or the alcohol content of a blood or breath sample will be contested at trial. A failure to comply with the time limitations regarding the notice of objection required by this section shall constitute a waiver of any objections to the admission of the certificate." K.S.A. 2006 Supp. 22-3437(3).

There is no doubt that this portion of the statute undermines a criminal defendant's Sixth Amendment right of confrontation as

explained in *Crawford.* This provision of the statute permits the admission of a testimonial statement based on a judicial determination of reliability: a permissible practice under *Roberts* but not now under *Crawford.* Further, the defendant is deemed to have waived the Sixth Amendment confrontation right if the defendant fails to take affirmative steps to assert it. The United States Supreme Court and Kansas appellate courts disapprove of waivers of Sixth Amendment trial rights based on a silent record. See *Boykin v. Alabama,* 395 U.S. 238, 242-43, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969) (requiring record show defendant entered plea voluntarily); *State v. Browning,* 245 Kan. 26, 31-32, 774 P.2d 935 (1989); *State v. Anziana,* 17 Kan. App. 2d 570, 571, 840 P.2d 550 (1992).

Our options under these circumstances are to either invalidate the statute in its application to criminal cases or to excise the offending language from the statute insofar as it applies in a criminal case. Kansas appellate courts may excise unconstitutional language from a statute only if the legislature would have intended the offending language be excised. If we can discern no such intent, we have no option but to nullify the statute. See *State v. Limon,* 280 Kan. 275, 302-03, 122 P.3d 22 (2005).

K.S.A. 22-3437 and K.S.A. 22-3438 were enacted on July 1, 1993. L. 1993, ch. 261, secs. 3, 5. K.S.A. 22-3438 provides:

"If any provision of this act or the application thereof to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of this act which can be given effect without the invalid provision or application. To this end the provisions of this act are severable."

The clear language of the act permits us to sever the offending language and require courts to uphold a criminal defendant's confrontation rights as articulated by *Davis v. Washington* and *Crawford.* Accordingly, we find that only the portion of K.S.A. 2006 Supp. 22-3437 cited above offends a criminal defendant's confrontation rights, and we declare that portion of the statute to be unconstitutional when applied to a defendant in criminal case.

Excising the offending portion of the statute to the extent that it applies in a criminal case leaves behind what we believe to be a workable procedure. The State in a criminal case shall provide the

20-day notice of intent to offer into evidence the certificate containing the lab test results as required by the statute. The State, or the court on its own motion, then may schedule a pretrial hearing to determine whether it is necessary to present a witness at trial to vouch for the exhibit and testify about it or whether the defendant voluntarily chooses to waive the right of confrontation.

Laturner has raised no contention regarding the sufficiency of the evidence which would require an outright reversal. See *State v. Pabst*, 268 Kan. 501, Syl. ¶ 8, 996 P.2d 321 (2000). Thus, the appropriate remedy, and the remedy he seeks, is to reverse his convictions and remand the case for retrial. See *Lockhart v. Nelson*, 488 U.S. 33, 41-42, 102 L. Ed. 2d 265, 109 S. Ct. 285 (1988).

Since the case must be remanded for a new trial, we must briefly address the remaining issues raised by Laturner.

### Instructions

Laturner claims the district court erred in instructing the jury on the charge of unlawful possession of methamphetamine. The pattern instruction, PIK Crim. 3d 67.16, provides: "The defendant is charged with the crime of unlawful possession of methamphetamine. The defendant pleads not guilty. To establish this charge, each of the following claims must be proved . . . ." In an apparent oversight, the district court failed to include the sentence "The defendant pleads not guilty" in its instruction.

PIK instructions are recommended but not mandatory. *State v. Anthony*, 282 Kan. 201, 216, 145 P.3d 1 (2006). Laturner did not object at trial to the omission of this portion of the PIK instruction. Thus, we apply the clearly erroneous standard, under which we will find clear error only if there was an error in the instruction and we are firmly convinced that there is a real possibility the jury would have rendered a verdict more favorable to Laturner had the error not occurred. See *Anthony*, 282 Kan. at 215.

Considering the instructions as a whole, there was no clear error. See *State v. Cooperwood*, 282 Kan. 572, 581-82, 147 P.3d 125 (2006). While it is preferable that the absent sentence be included, we are not convinced that the jury, having sat through the entire trial, harbored the belief following the court's instructions that La-

turner was not contesting the charge that he possessed methamphetamine.

### Criminal History

Laturner claims his constitutional rights were violated because his criminal history was not proven to a jury beyond a reasonable doubt. This issue was resolved to the contrary in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002). *Ivory* remains good law, and we are bound to follow it.

### Assessment of Fees

Laturner's passing reference in the conclusion of his brief to the "reassessment of the attorney's fees" is insufficient to raise an issue for us to consider. See *State v. Holmes*, 278 Kan. 603, 622, 102 P.3d 406 (2004).

Reversed and remanded for retrial.